UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERI HONEYWELL, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                       Case No: 2:18-cv-618-FtM-29MRM

HARIHAR INC, a Florida corporation,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Amended Class Action Complaint (Doc. #17) filed on November 6, 2018. Plaintiff filed a Response in Opposition (Doc. #19) on November 16, 2018. For the reasons set forth below, the motion is denied.

**I.**

The Amended Class Action Complaint alleges the following facts: Plaintiff, Cheri Honeywell, is a resident of Fort Lauderdale who travels annually to the Fort Myers area. (Doc. #16, ¶¶ 9, 12.) Because she suffers from a mobility disability and is dependent upon mobility devices and aids, plaintiff requires an accessible hotel and hotel room. (Id. ¶¶ 10, 11.) To that end, plaintiff visited the website of the Palm City Motel, which is

located in Fort Myers and owned, managed, and/or operated by defendant, HARIHAR, INC. (Id. ¶¶ 3, 7, 13-16.) The website, however, failed to provide information about the accessible features of the motel and its rooms for persons with disabilities. (Id. ¶¶ 3, 17.)

On October 23, 2018, plaintiff filed an Amended Class Action Complaint on behalf of herself and "[a]ll individuals with disabilities who have been, or in the future will be, denied the full and equal employment of reservations services offered to guests at the [Palm City Motel] because of the lack of accessible reservations services through the Website." (Id. ¶ 24.) Plaintiff alleges defendant engaged in illegal disability discrimination in violation of the Americans with Disabilities Act ("ADA"), and requests the following relief: (1) a declaratory judgment that defendant was in violation of the ADA and the relevant implementing regulations; (2) a permanent injunction directing defendant to take all steps necessary to bring its reservations services into full compliance with the ADA; (3) an order certifying the proposed class, naming plaintiff as the class representative and plaintiff's counsel as class counsel; and (4) payment of costs and reasonable attorney's fees. (Id. ¶¶ 30-40, pp. 10-11.)

On November 6, 2018, defendant filed its Motion to Dismiss the Amended Class Action Complaint, arguing (1) plaintiff lacks standing to bring a claim as an individual or as the representative

2

of the class, and (2) the Amended Class Action Complaint fails to satisfy Rule 23(a) of the Federal Rules of Civil Procedure for class certification. (Doc. #17, pp. 1, 5.)

**II.**

**A. Legal Background**

Title III of the ADA provides the following general rule:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). An "inn, hotel, motel, or other place of lodging" is considered a place of public accommodation. 42 U.S.C. § 12181(7)(A).

To carry out the provisions of the ADA prohibiting discrimination in public accommodations, the Department of Justice promulgated 28 C.F.R. § 36.302(e). Poschmann v. Coral Reef of Key Biscayne Developers, Inc., 2018 WL 3387679, *3 (S.D. Fla. May 23, 2018). Section 36.302(e) provides that "[a] public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means":

> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs[.]

28 C.F.R. § 36.302(e)(1)(ii).

3

A plaintiff alleging Title III ADA discrimination "must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." Norkunas v. Seahorse NB, LLC, 444 Fed. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)).

**B. Plaintiff's Standing**

Defendant's motion challenges plaintiff's standing to bring this action. Motions to dismiss based on lack of standing "attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1)." Finstad v. Fla., Dep't of Bus. & Prof'l Regulation, 2007 WL 3451000, *1 (M.D. Fla. Nov. 14, 2007) (citing Doe v. Pryor, 344 F.3d 1282, 1284 (11th Cir. 2003)). Rule 12(b)(1) motions challenging subject matter jurisdiction come in two forms: a "facial" attack motion and a "factual" attack motion. Id. (citing Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003)). The facial attack in this case challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. (citing Morrison, 323 F.3d at 924 n.5).

In order to establish standing, a plaintiff must adequately allege and ultimately prove three elements: (1) that he or she has suffered an "injury-in-fact"; (2) a causal connection between the

asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision.  Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  The "injury-in-fact" requires an additional showing when injunctive relief is sought.  In addition to past injury, a plaintiff seeking injunctive relief "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."  Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328-29 (11th Cir. 2013) (quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001)).  Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury."  Id. at 1329 (quoting Shotz, 256 F.3d at 1081).

The motion argues plaintiff lacks standing to seek injunctive relief due to her failure to sufficiently allege (1) she suffered an injury as a result of her visit to the Palm City Motel's website, and (2) she will be harmed in the future by the motel's failure to maintain an ADA compliant website.  (Doc. #17, ¶ 31.)  Each of these arguments will be addressed in turn.

**1) Plaintiff's Allegations of Past Injury**

Defendant first argues plaintiff has not sufficiently alleged a past injury for standing purposes. (Id.) The Court disagrees.

In the Amended Complaint, plaintiff alleges she visited the website "[s]everal times," including on July 16, 2018, to determine whether the motel and its rooms met her accessibility needs. (Doc. #16, ¶ 16.) She was unable to independently ascertain the accessible features and, as a result, was deterred from patronizing the motel. (Id. ¶¶ 17, 21-22.) These allegations are sufficient to demonstrate an injury for purposes of standing. See Houston v. 7-Eleven, Inc., 2014 WL 5488805, *7 (M.D. Fla. Oct. 30, 2014) ("A plaintiff can establish injury-in-fact by showing a loss of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of any entity." (citing 42 U.S.C. § 12182)); see also Poschmann, 2018 WL 3387679, *3 (finding that if hotel website was non-compliant with section 36.302(e)(1), plaintiff suffered an injury-in-fact when he attempted, but was unable to, make a reservation for an accessible room via the website); Brooke v. A-Ventures, LLC, 2017 WL 5624941, *2 (D. Ariz. Nov. 22, 2017) ("[T]he essence of plaintiff's claim is that she suffered an injury in fact because she was unable to reserve an ADA-accessible room on defendant's website. Plaintiff has adequately alleged that she has standing to pursue a Title III ADA claim for declaratory and injunctive relief.").

**2) Plaintiff's Allegations of Future Injury**

Defendant also argues plaintiff has not sufficiently alleged she will be harmed in the future by the motel's failure to maintain an ADA compliant website. (Doc. #17, ¶ 31.) In the Amended Complaint, plaintiff states she initially planned to visit friends in the Fort Myers area during August of 2018 but had to reschedule. (Doc. #16, ¶ 12.) Plaintiff has attempted to reschedule her trip but has been unable to find a hotel (including defendant's) with sufficient accessibility information to make a reservation via online reservation systems. (Id. ¶ 12.) Plaintiff also states she is planning a trip to the area within the next six months and intends to return to the motel and the website for the "dual purpose" of availing herself of goods and services offered by the motel, and to ensure defendant "ceases evading its responsibilities under federal law."[1] (Id. ¶¶ 12, 21.)

Defendant argues plaintiff's allegations are insufficient to demonstrate a "real and immediate" threat of injury, as required for injunctive relief. See Marod Supermarkets, Inc., 733 F.3d at 1329. Defendant notes that plaintiff has failed to provide any

---

[1] In the Amended Complaint, plaintiff states she "is both a tester in this litigation and a consumer who wishes to obtain equal access [to] Defendant's goods and services." (Doc. #16, ¶ 12.) Plaintiff's status as a tester does not deprive her of standing to maintain a civil action for injunctive relief under the ADA's Title III. Marod Supermarkets, Inc., 733 F.3d at 1332.

specific anticipated dates of travel to the Fort Myers area, and does not allege she intends to travel to the motel or when she plans to reserve a room in the future. (Doc. #17, ¶¶ 24-30.) Defendant's argument misses the mark.

Plaintiff's ADA claim is based upon the Palm City Motel's website failing to identify the accessible features of the motel and its rooms, in violation of 28 C.F.R. § 36.302(e)(1)(ii). Therefore, the relevant "future injury" inquiry relates to the motel's website and reservation system, rather than the motel's physical property. See Poschmann, 2018 WL 3387679, *3 (finding undisputed fact that plaintiff intended to return to hotel website within thirty days to determine whether hotel was accessible to him, and, if so, to reserve a room or to test the website's reservation system for ADA compliance was sufficient to allege an injury-in-fact redressable by injunctive relief). Here, plaintiff states she intends to make a trip to the Fort Myers area within the next six months and also intends to return to the website to both avail herself of the goods and services offered by the motel and ensure its compliance with the ADA. (Doc. #16, ¶¶ 12, 21.) She further alleges she is currently being deterred from patronizing the motel and will be until the website is corrected. (Id. ¶¶ 21-23.) The Court finds these allegations are sufficient to create an inference plaintiff will suffer injury in the future. See Shotz, 256 F.3d at 1081 ("In ADA cases, courts have held that

a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."). Therefore, defendant's motion to dismiss for lack of standing is denied.

### III.

Defendant's motion also requests the Court deny certification of the class action because plaintiff fails to meet the certification requirements of Rule 23(a) of the Federal Rules of Civil Procedure. (Doc. #17, pp. 5-7.) However, the Court finds such a request is premature given the absence of a developed factual record. See Argentine v. Bank of Am. Corp., 2015 WL 12844395, *1 (M.D. Fla. July 29, 2015) ("In the context of motions directed to allegations of class certification as insufficient under Federal Rule of Civil Procedure 23, the court must be particularly hesitant to decide matters against a class in view of the absence of a developed factual record."). Given the pleading stage of these proceedings, and that the parties have not conducted any discovery, the Court rejects defendant's request to deny certification at this time. See Jones v. Diamond, 519 F.2d 1090, 1099 (5th Cir. 1975) (holding that "trial court abused its discretion in deciding against the class solely on the basis of the initial pleadings" and noting that district court "should be loathe to deny the justiciability of class actions without the

9

benefit of the fullest possible factual background")[2]; Oginski v. Paragon Props. of Costa Rica, LLC, 2011 WL 3489541, *3 (S.D. Fla. Aug. 9, 2011) ("Defendants' arguments related to Plaintiff[s'] class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss.").

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Amended Class Action Complaint (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of December, 2018.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

[2] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

10